IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

KATRINA MILAM,

    Plaintiff,

v.

INVITATION HOMES LP, and
INVITATION HOMES INC.,

    Defendants.

Civil Action No. 5:18-cv-189

**EXHIBIT A**

**(Summons and Complaint)**

| STATE OF NORTH CAROLINA | File No. |
| --- | --- |
| IREDELL County | 18 CVS 2717 |

In The General Court of Justice
☐ District ☒ Superior Court Division

**Name of Plaintiff**
KATRINA MILAM

**Address**

**City, State, Zip**

## VERSUS

**Name of Defendant(s)**
INVITATION HOMES LP, and
INVITATION HOMES INC.

# CIVIL SUMMONS

☐ Alias and Pluries Summons

G.S. 1A-1, Rules 3, 4

**Date Original Summons Issued**

**Date(s) Subsequent Summon(es) Issued**

**To Each of The Defendant(s) Named Below:**

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
| --- | --- |
| INVITATION HOMES L.P.<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808 | INVITATION HOMES INC.<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued | Time |
| --- | --- | --- |
| Clark D. Tew<br>113 N. Center St., Ste 200<br>Post Office Box 1776<br>Statesville, NC 28687 | 11-1-18 | 2:03 ☐ AM ☒ PM |
| | Signature | |
| | ☐ Deputy CSC ☒ Assistant CSC ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT | Date of Endorsement | Time |
| --- | --- | --- |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

**NOTE TO PARTIES:** Many Counties have *MANDATORY ARBITRATION* programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts  (Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name of Sheriff (Type or Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative of the Courts

```
NORTH CAROLINA                         GENERAL COURT OF JUSTICE
                                        SUPERIOR COURT DIVISION
IREDELL COUNTY                          18 CVS _____
```

FILED
2018 NOV -1 P
IREDELL COUNTY, C.S.C.
BY____

|  |  |
|---|---|
| KATRINA MILAM, <br> Plaintiff, <br><br> vs. <br><br> INVITATION HOMES LP, and <br> INVITATION HOMES INC., <br> Defendants. | COMPLAINT <br> (Jury Trial Demanded) |

COMES NOW THE PLAINTIFF, and makes the following Claims against the Defendants:

## PARTIES

1. Plaintiff Katrina Milam ("Milam" or the "Plaintiff"), is a capable, adult citizen and resident of Iredell County, North Carolina.

2. Invitation Homes LP ("IH1") is an entity organized and existing under the laws of the State of Delaware with offices located in Mecklenburg County, North Carolina, having the capacity to sue and be sued.

3. Invitation Homes Inc. ("Invitation") is a corporation formed under the laws of the State of Delaware, with a headquarters in the State of Texas, and offices located in Mecklenburg County, North Carolina, having the capacity to sue and be sued. Upon information and belief, in 2017, Invitation Homes, Inc. was formed and acquired IH1 and its assets subsequent to an initial public offering ("IPO"); to the extent the acquisition was an asset purchase, this acquisition was merely a change in the corporate form, and was undertaken by the same controlling group of officers and ownership, with the exception of the successor entity, Invitation, being a publicly-traded corporation.

4. Invitation is, upon information and belief, one or the direct successor to IH1, which was Milam's employer (collectively, IH1 and Invitation are referred to herein as "Defendant").

5. At all times relevant to this action (with the exception of an interlude discussed herein) Defendant was Milam's employer, and employed Milam at its office located at 9935 Harris Corners Parkway, Charlotte, North Carolina.

6. Upon information and belief, Defendant employs more than 500 people.

## JURISDICTION AND VENUE

7. Milam has exhausted her administrative remedies. She timely filed a charge of discrimination against the Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on September 25, 2017, and a copy of this charge is attached hereto as **Exhibit A** (hereinafter, the "2017 Charge").

8. The Plaintiff alleged in her 2017 Charge that during her employment with Defendant, the Defendant discriminated against and retaliated against Milam in violation of the Americans with Disabilities Act of 1990, as amended.

9. The EEOC issued a Notice of Right to Sue letter on August 7, 2018, which Milam actually received at a later date. A copy of the Notice of Right to Sue letter is marked as **Exhibit B** and is attached to this Complaint.

10. Milam had filed an earlier Charge of Discrimination with the EEOC during or about 2016, which was later amended on November 23, 2016 (hereinafter, the "2016 Charge"). A true and accurate copy of the 2016 Charge is attached hereto as **Exhibit C** and is incorporated by reference. No right to sue letter was ever issued in this file; instead, it was administratively closed

11. This action arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et. seq.,* and under the common law based upon public policy set forth in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. §143-122.1 *et. seq.*

12. This Court has subject matter jurisdiction over this matter based on *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820 (1990).

13. Venue is proper in Iredell County, as the Plaintiff resides in this County.

## BACKGROUND

14. On or around June 8, 2013, Milam became employed with the Defendant as a Customer Service Call Center Representative. Subsequently, during or about 2015, Milam was promoted to be a Maintenance Dispatcher, which was an internal-facing position requiring Milam to coordinate repairs and maintenance for rental homes owned by the Defendant, which is, in part, in the business of renting homes to residential consumers.

15. On or about June 2, 2016, Milam was diagnosed with a severe form of colorectal cancer, requiring immediate treatment and surgery. At all times, despite this disability, Milam was and is capable of performing all essential functions of her job with reasonable accommodation.

16. During Milam's employment prior to her cancer diagnosis, Milam generally excelled in her work and received good performance evaluations. Milam was performing her work at all times to the satisfaction of her employer.

17. Milam's cancer constituted a disability, and her condition (and the requisite treatment) substantially limited one or more major life activities, namely in normal functioning of cell growth, the normal and healthy operation of her colorectal and digestive system, and in causing substantial fatigue, weakness, and other associated conditions.

18. The Defendant had actual notice of Milam's conditions and limitations, and Milam informed her manager and the Human Resources personnel, Sarah DeMattia, about her cancer diagnosis and proposed course of treatment.

## THE DEFENDANT REFUSES MILAM'S REQUESTS FOR REASONABLE ACCOMMODATIONS AND TERMINATES HER

19. Shortly after becoming aware of her need for immediate medical treatment, including chemotherapy, Milam requested the reasonable accommodation of being permitted to take intermittent leave and to work from home in the days following each chemotherapy treatment, when fatigue and sickness caused by that treatment was the worst. The Defendant summarily rejected those requests for accommodation without engaging in an

interactive process with Milam. Instead, the Defendant dictated that Milam must take unpaid leave.

20. After rejecting her accommodation request for intermittent leave and work-from-home conditions, the Defendant provided Milam with the necessary documentation to commence unpaid medical leave under the Family and Medical Leave Act of 1993 ("FMLA").

21. Milam timely completed the documentation required for FMLA leave, and submitted it to the Defendant; the Defendant notified Milam that her FMLA leave would exhaust on or about August 30, 2016.

22. Due to the severity of her condition, Milam required a reasonable accommodation for more time than that allotted under FMLA, and notified her employer that she could return to full duty by November 7, 2016.

23. On September 20, 2016, Sarah DeMattia, Defendant's "Human Resources Business Partner" notified Milam, that "while you are still employed, your specific position as a Dispatcher is no longer protected under this statute [FMLA] and may be filled by an alternative incumbent." Further, DeMattia informed Milam that if she did not return "to work on November 7, 2016, your employment may be terminated. Upon your scheduled return, you will be afforded the opportunity to interview for any open positions available at that time. If no such positions are available, your employment will be ended."

24. Milam returned to work on November 7, 2016, and found that her position had, in fact, been given away to another employee of the Defendant. Her personal belongings were packed, and her supervisor told her she would not have a problem finding another job.

25. Milam complained about this circumstance to the Defendant, but was left without a job and, by consequence, without income to support herself.

26. Milam then filed the 2016 Charge, alleging certain violations of the ADA.

5

## THE DEFENDANT PRETENDS TO AMELIORATE THEIR ACTIONS BY REHIRING MILAM, ONLY TO THEN RETALIATE AGAINST HER

27. Milam remained unemployed through much of December 2016.

28. After filing the 2016 Charge, the Defendant reached out to Milam and offered her a position with similar pay to her former job. Milam needed the money, the health insurance, and the other associated benefits that came with a job, and decided to accept the offer. Milam kept her 2016 Charge open and under investigation with the EEOC at that time.

29. Between December 2016 and August 2017, Milam continued to work for the Defendant. During that time, the Defendant took certain actions that concerned Milam, but Milam attempted to continue working in a good faith spirit of reconciliation with the Defendant, for the betterment of her career.

30. Milam worked diligently for the Defendant, despite the fact that Defendant placed more work on Milam's shoulders than other similarly-situated, non-disabled employees were required to bear.

31. During or about January 2017, Milam was purportedly disciplined for "unprofessional conduct", which followed Milam's reasonable and professional questioning of her supervisors as to why she was the only employee singled out to both handle or original job duties and also cover the office's reception desk.

32. During or about June 2017, Milam was singled out and was informed that she could not work overtime, despite the fact that other employees without disabilities and who had not filed EEOC charges were generally permitted to work overtime and, as a result, earn more in pay than Milam.

33. Despite these issues, Milam believed her job was going generally well, and wanted to ensure her continued employment with the Defendant was secure.

34. During August 2017 the EEOC contacted counsel for the Plaintiff regarding the status of the 2016 Charge. At that time, out of a good faith sense of reconciliation with her employer, Milam advised the EEOC, by

and through counsel, that she did not want to continue with the investigation of the 2016 Charge.

35. The EEOC issued a letter to Milam noting that "in view of the *agreement reached between you and INVITATION HOMES LP,* the ... EEOC will take no further action on this charge." A true and accurate copy of this letter, dated August 17, 2017, is attached hereto as **Exhibit D**.

36. Milam and the Defendant had never entered into a binding settlement of any of her claims asserted in the 2016 Charge, as the Defendant had purported to reemploy her pursuant to an unconditional offer of reinstatement.

37. No right to sue letter for the 2016 Charge was issued subsequent to Exhibit D being mailed to Milam.

38. Upon information and belief, Defendant received Exhibit D from the EEOC within a matter of 2-3 days after its mailing, and no later than August 22, 2017.

39. On August 25, 2017, the Defendant notified Milam that she was being placed on a 30-day Performance Improvement Plan ("PIP"), purportedly for conduct that had occurred significantly prior to that date, and prior to the EEOC's closure of the 2016 Charge. Milam had not received prior notice of the substantial bases for her purported discipline.

40. Milam continued to work diligently and ensure that she met her employer's reasonable expectations for her work, but the Defendant terminated Milam on September 21, 2017, which was prior to the stated period of her PIP – in other words, after informing Milam that she had an opportunity to improve her purportedly low performance, the Defendant then pulled the rug out from under her feet, and terminated her before their own self-imposed deadline.

41. Milam's termination occurred almost one month, to the day, after the Defendant received notice of the EEOC's closure of Milam's 2016 Charge, and was motivated by nothing other than the Defendant's animus against Milam because of her disability, and in retaliation against her for having filed the 2016 Charge.

42. Upon information and belief, the Defendant believed that, with the 2016 Charge administratively closed, it was finally "in the clear" to dispose of Milam how it saw fit.

43. Milam subsequently filed the 2017 Charge alleging retaliation and discrimination in violation of the ADA, citing to the above-recited facts in support of her charge.

44. The Defendant unlawfully discriminated against Milam on the basis of her disability by treating the Plaintiff less favorably as a result of her disability, by refusing to provide a reasonable accommodation, by terminating her, and then, after engaging counsel and rehiring Milam, unreasonably disciplining her in a manner dissimilar to how her non-disabled colleagues were disciplined for similar acts, and terminating Milam from employment immediately after Milam agreed to close her 2016 Charge with the EEOC.

45. The Defendant further retaliated against Milam for filing her 2016 Charge by terminating her mere days after she agreed to close out that charge with the EEOC.

46. By engaging in the foregoing conduct, the Defendant has additionally discriminated against the Plaintiff, and wrongfully terminated the Plaintiff in violation of the public policy of the State of North Carolina as expressed in the North Carolina Equal Employment Practices Act.

## FIRST CAUSE OF ACTION
(ADA Discrimination, Failure to Accommodate, Retaliation)

47. The allegations contained in Paragraphs 1 through 46 are are incorporated in this Cause of Action.

48. The Plaintiff is or was, at all times relevant to her claims, a qualified individual with a disability under the meaning of the ADA.

49. The Defendant has discriminated against the Plaintiff on the basis of her disability, and the Defendant's actions against the Plaintiff as alleged in this Amended Complaint were discriminatory and in violation of the ADA. The discriminatory actions of the Defendant, include, but are not limited to the following:

   a. Treating the Plaintiff less favorably as a result of her medical conditions;
   b. Refusing and failing to provide a reasonable accommodation to the Plaintiff by failing to maintain her position while out on disability leave;
   c. Terminating the Plaintiff from employment;
   d. Reemploying the Plaintiff for the purpose of frustrating her earlier discrimination claims; and
   e. Treating the Plaintiff less favorably during the reemployment period due to her disability condition.

50. The Defendant further retaliated against the Plaintiff for requesting a reasonable accommodation, and for opposing unlawful employment practices by filing the 2016 Charge.

51. As a direct and proximate result of the Defendant's violation of its duties under the ADA, the Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages in excess of $25,000.00, to be proven with more specificity at trial.

52. The Defendant's unlawful conduct constitutes a knowing, malicious, willful and wanton violation of the ADA, entitling the Plaintiff to an award of punitive damages.

### SECOND CAUSE OF ACTION
### (Wrongful Discharge in Violation of Public Policy)

53. The allegations contained in Paragraphs 1 through 52 are incorporated in this Cause of Action.

54. At all times relevant to this Complaint, the Plaintiff was an employee of the Defendant.

55. At all times relevant to this Complaint, the Plaintiff had a qualified medical disability, of which the Defendant had actual notice.

56. It is the public policy of North Carolina, as codified in N.C. Gen. Stat. §143-422.1 *et. seq.* that all employees have a right to seek, obtain, and hold employment free from discrimination on the basis of handicap or disability.

57.	The Plaintiff was terminated from employment in 2016 for discriminatory reasons that violate North Carolina's public policy.

58.	As a result, the Plaintiff has been damaged in an amount in excess of $25,000.00, to be proven with more specificity at trial.

59.	The Defendant's actions as alleged in this Complaint were willful and wanton, were in reckless disregard of the Plaintiff's rights, and the Plaintiff is entitled to recover punitive damages against the Defendant pursuant to N.C. Gen. Stat. §1D-15.

## PRAYER FOR RELIEF

The Plaintiff is seeking the following relief from this Court:

1.	To recover damages in an amount in excess of $25,000 for Plaintiff's claims for relief as stated in this Amended Complaint;

2.	To recover punitive damages;

3.	To recover reasonable attorney's fees as permitted by the Americans with Disabilities Act of 1990, as amended;

4.	For all costs of this action be taxed against the Defendant;

5.	For a trial by jury;

6.	For such other relief as this Court deems just and proper.

On the _1st_ day of November, 2018.

                                                Pope McMillan, P.A.
                                                Attorneys for the Plaintiff

By: _____
                                                Clark D. Tew
                                                N.C. State Bar No. 41632
                                                P.O. Drawer 1776
                                                Statesville, NC 28687
                                                (704) 873-2131
                                                Ctew@popemcmillan.com

PLAINTIFF'S EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 430-2017-02363 |

_____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Katrina Milam | | 1974 |

| Street Address | City, State and ZIP Code |
|---|---|
| 646 Highland Ridge Road | Mooresville, NC 28115 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Invitation Homes LP | 500+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 9935 Harris Corners Parkway | Charlotte, NC 28269 |

SEP 2 5 2017

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 6/12/2017   Latest: 9/21/2017
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On or about November 23, 2016, I filed Charge No. 430-2017-00244 with the Charlotte EEOC regarding disability discrimination under the Americans with Disabilities Act of 1990, as amended, as well as retaliation under the same.

II. During or about June 2016, I had been diagnosed with cancer, a condition that substantially interfered with one or more life activities, and when I returned to work in November 2016, I was terminated, which I believed was based on my disability status and my request for reasonable accommodations, as I was told my termination was explicitly because of my absences.

III. During or about December 2016, Invitation Homes offered me a job that offered similar pay, and I accepted the position. After that point, during or about August 2017, I advised the EEOC through my attorney that I did not desire to press my concerns related to Charge No. 430-2017-00244, in an attempt to have a fresh start with my employer.

IV. I was instructed not to work overtime; I was the only employee given this instruction, and it is my belief that other non-disabled employees who had not filed EEOC charges were allowed to work overtime.

V. On or about August 17, 2017, the EEOC mailed a letter to the Employer's counsel and to my attorney to the effect that Charge No. 430-2017-00244 had been "settled," and that the EEOC would close their files. I had not actually agreed to a "settlement" or other release of the claims that were part of that charge, and was never issued a Right to Sue letter from the EEOC.

VI. On or about August 25, 2017, within days of receiving this letter from the EEOC, my employer placed me on a baseless Performance Improvement Plan ("PIP"). I believe this was done both in retaliation for my EEOC charge, and as discrimination against me based on my disability. On September 21, 2017, I was terminated from my employment for false and baseless reasons.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

9/22/17   Katrina Milam
Date   Charging Party Signature

NOTARY — When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)

| | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☐ EEOC | Agency(ies) Charge No(s):<br>430-2017-02363 |

_State or local Agency, if any_ and EEOC

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

VII. I believe I have been retaliated against and discriminated against in violation of the Americans with Disabilities Act of 1990, as amended.

[Stamp: SEP 2 5 2017]

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies If I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 9/22/17    [signature]<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

PLAINTIFF'S EXHIBIT B

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Katrina M. Milam
646 Highland Ridge Rd.
Mooresville, NC 28115

From: Charlotte District Office
129 W. Trade Street
Suite 400
Charlotte, NC 28202

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2017-02363 | Aundrea L. Smallwood, Investigator | (704) 954-6456 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_/s/ M. Wood for_
Thomas M. Colclough,
Acting Director

AUG 07 2018
(Date Mailed)

Enclosures(s)

cc: Elizabeth Gift
OGLEETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 S. College St.
Suite 2300
Charlotte, NC 28244

Clark D. Tew, Esq.
POPE MCMILLAN, P.A.
113 N. Center Street
Suite 200
Statesville, NC 28687

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | AMENDED<br>430-2017-00244 |

PLAINTIFF'S EXHIBIT C

_____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Katrina M. Milam | ■■■■■■ | 1974 |

Street Address: 646 Highland Ridge Rd., Mooresville, NC 28115

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| INVITATION HOMES LP | 500 or More | |

Street Address: 9935 Harris Corners Parkway, Charlotte, NC 28269

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-07-2016    Latest: 11-07-2016
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On or about June 8, 2013, I was hired by the above employer as a Customer Service Call Center Representative. About two years ago, I became a Maintenance Dispatcher. On or about June 2, 2016, I was diagnosed with a disability and I went out on medical leave on June 7, 2016. During or about July 2016, I verbally requested a reasonable accommodation on one or more occasions. In September 2016, I requested a reasonable accommodation in writing. All requests were denied, meaning that I was not permitted to return to work.

II. I returned to work on November 7, 2016, to find that I had been terminated, with the explicit reason for my termination being that I had been out of work too long due to my disability.

III. On November 7, 2016, I returned to work and spoke with a Manager who asked if I was looking for a job. He told me that I would not have a problem finding another job. My personal belongings were packed.

IV. I believe I have been discriminated against and retaliated against in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Nov. 23, 2016    *[signature] Kat M Mil*
Date                Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)


PLAINTIFF'S
EXHIBIT
D



**U.S. Equal Employment Opportunity Commission**
**Charlotte District Office**

129 W. Trade Street
Suite 400
Charlotte, NC 28202
(704) 344-6682
TTY (704) 344-6684
FAX (704) 954-6410

Katrina M. Milam c/o
Tew D. Clark
HOMESLEY & WINGO LAW GROUP PLLC
330 S. Main Street
Mooresville, NC 28115

Re:  Katrina M. Milam vs. INVITATION HOMES LP
     EEOC No: 430-2017-00244

Dear Ms. Milam:

In view of the agreement reached between you and INVITATION HOMES LP, the Equal Employment Opportunity Commission (EEOC) will take no further action on this charge.

The EEOC will discontinue processing the above noted charge. This action does not reflect any judgment by the EEOC as to the merit of the charge or the terms of the settlement. Furthermore, the EEOC does not waive its right to process any other charge, including a charge filed by a Commissioner of the EEOC, or to institute a directed Age Discrimination in Employment Act (ADEA) or directed Equal Pay Act (EPA) investigation of the respondent.

On Behalf of the Commission:

AUG 17 2017
Date

Reuben Daniels, Jr.
Director